J-S03036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOHNSON | |
| Appellant | No. 1377 EDA 2015 |

Appeal from the PCRA Order April 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0209251-1985

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED FEBRUARY 19, 2016**

Pursuant to our Supreme Court's recent orders in ***Commonwealth v. Jones,*** 947 MAL 2015 (Pa., 2/12/16), and related cases, and this Court's recent decision in ***Commonwealth v. Secreti***, 578 WDA 2015 (Pa.Super., 2/9/16), the PCRA court's order is reversed, Appellant Anthony Johnson's judgment of sentence is **VACATED**, and this case is remanded for further proceedings.

We explain our decision briefly.  On January 25, 2016, the United States Supreme Court held in ***Montgomery v. Louisiana***, ___ U.S. ___, 2016 WL 280758 *12 (filed January 25, 2016, as revised on January 27, 2016), that its decision in ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455 (2012), applies retroactively.  ***Miller*** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole

upon a homicide defendant for a murder committed while the defendant was a juvenile.

Shortly after **Montgomery's** issuance, this Court entered a published opinion in **Secreti**. There, Secreti was sentenced to automatic life imprisonment without possibility of parole for committing first degree murder as a juvenile. On June 25, 2012, the United States Supreme Court issued its decision in **Miller.** On August 15, 2012, Secreti filed a timely PCRA petition seeking relief under **Miller**. On February 9, 2016, following **Montgomery**, this Court held that (1) **Miller** applied retroactively to Secreti's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's sentence was unconstitutional under **Miller**, and (3) Secreti was entitled to a new sentencing hearing. Moreover, on February 11 and 12, 2016, our Supreme Court granted relief to multiple PCRA petitioners under **Miller** and **Montgomery** and remanded their cases for further proceedings. **See**, **e.g.**, **Jones**, **supra**.

**Secreti** squarely applies to this case. In 1985, Johnson was convicted of first degree murder for a murder that he committed as a 17 year old juvenile. Johnson was also convicted and given concurrent sentences for conspiracy and firearms offenses. On July 30, 2012, Johnson filed a timely PCRA petition seeking relief under **Miller**. As in **Secreti**, (1) **Miller** applies retroactively to Johnson's sentence under 42 Pa.C.S. § 9545(b)(1)(iii); (2)

Johnson's sentence is unconstitutional under **Miller**, and (3) Johnson is entitled to a new sentencing hearing.

The PCRA court's order denying relief to Johnson under **Miller** is reversed; Johnson's judgment of sentence is vacated; the case is remanded to the court of common pleas for further proceedings consistent with **Miller** and **Montgomery**; Johnson's motion for leave to submit supplemental notice of authority relevant to an issue on appeal is **DENIED** as moot; jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016